989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Keith BROWN-EL; Emitt Dunn Appellants,
v.
Paul K. DELO; Larry Scott; Gary Tune, Appellees.
 No. 92-2051.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 19, 1993.
Filed: March 17, 1993.
 
 Before JOHN R. GIBSON, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keith Brown-El,[1] a Missouri inmate, appeals the district court's[2] grant of summary judgment for defendants in his 42 U.S.C. § 1983 action for interference with his right to religious freedom.
 
 
 2
 We affirm.
 
 
 3
 Brown-El alleged that, as a Muslim, he is required by Islam to participate in Ramadan, a holy month. He alleged Muslims must fast during daylight hours for Ramadan, and the prison had cooperated by signing up inmates who wanted to participate and by providing sack meals before and after sunset for participants in the fast. He alleged defendants violated his constitutional rights by removing his name from the list of participants for Ramadan in 1990.
 
 
 4
 Defendants moved for summary judgment. They stated that inmates were informed that conduct in violation of prison rules could result in their removal from the list of Ramadan participants. They asserted that security had to be increased in order to honor prisoners' religious needs during Ramadan. They asserted Brown-El was ineligible to participate because, the day before Ramadan began, he refused to return to his cell, became very violent, and attempted to kick a correction officer. They documented this conduct violation.
 
 
 5
 The district court granted summary judgment for defendants. Brown-El argues that the district court erred because his religious obligation to fast for Ramadan is a constitutionally protected right, and because removal of his name from the list of Ramadan participants receiving sack meals was an exaggerated and unwarranted response to his conduct violation.
 
 
 6
 "Prison officials are given a wide range of discretion in dealing with security matters in the prisons." Little v. Norris, 787 F.2d 1241, 1244 (8th Cir. 1986). The religious freedom of inmates "may be restricted by the reasonable requirements of prison security." Id. If prison officials show that restrictions on religious freedom are due to security concerns, "the burden is on the inmate to show by substantial evidence that the prison officials' response was exaggerated." Id.
 
 
 7
 Defendants sanctioned Brown-El for violent conduct just prior to the beginning of Ramadan. We conclude prison officials' decision to preclude him from receiving sack meals was a legitimate response to prison security and disciplinary concerns, and was not unwarranted or exaggerated. We note Brown-El was not precluded from adhering to other tenets of his faith or exercising alternative means of worship. See Garza v. Carlson, 877 F.2d 14, 16 (8th Cir. 1989). We reject as meritless Brown-El's equal protection claim.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 We grant defendants' motion to dismiss appellant Emitt Dunn for failure to sign the notice of appeal. Even if we were to consider Dunn's arguments, we would conclude they are meritless. We previously dismissed from this appeal the late Nathaniel Edwards
 
 
 [2]
 The Honorable William L. Hungate, Senior United States District Judge for the Eastern District of Missouri, now retired